UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STELLA CARBAJAL, on behalf of herself and all others similarly situated,

            Plaintiff,

-against-

IMMEDIATE CREDIT RECOVERY, INC.
and DOES 1 through 20, inclusive,

            Defendant.

----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 21 2009 ★
BROOKLYN OFFICE

 

*Class Action*

**COMPLAINT**

GLEESON, J.

J. ORENSTEIN, M.J.

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Immediate Credit Recovery Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Jackson Heights, New York.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Wappingers Falls, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-4 as if set forth fully in this cause of action.

6. That a personal debt was allegedly incurred by the Plaintiff and at a time unknown to the Plaintiff herein, referred and or assigned to the Defendant for collection.

7. That on or about January 2009 through about April 2009, the Defendant began leaving telephone messages on the Plaintiff's answering machine.

8. That a series of messages were left repeatedly over the course of several months.

9. That, although different agents would call for each message, the content of each message was altered and either failed to disclose their identity or just left a name and number asking the Plaintiff to call them back.

10. That said messages deceptively vary and change in form and substance so that the consumer is unable to determine the callers identity and so that continuous and repetitive calls could be placed, appearing to be from different parties, and/or from different phone numbers.

11. That some messages failed to disclose the Defendant's identity in violation of 15 U.S.C. § 1692 d(6).

12. A message was left on Plaintiff's answering machine from Defendant's agent Ms. Smith at 800-964-5689 in which she stated only that the call was not regarding sales or solicitation.

13. That some messages which did state their identity as a debt collector disclosed the status of the Plaintiff to third parties in violation of 15 U.S.C. § 1692 (c).

14. A message left by another agent of the Defendant, Beta Carter at 866-781-0448 ext. 363 indicated that a debt collector was calling regarding the collection of a debt that the Plaintiff owed, and a third party overheard the message.

15. That several of the messages were overheard by visiting family members, friends, and most often, Plaintiff's immediate family members, namely her sister-in-law and husband, cousin, and close friends.

16. That, because of the repeated messages left on the Plaintiff's machine indicated to close family members and friends that she owed a debt, Plaintiff has been humiliated, embarrassed and distressed.

17. That the Defendant's actions caused additional and unnecessary stress for the Plaintiff.

18. That the Plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of Defendants's conduct.

19. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in unlawful disclosures to third parties and done in furtherance of abusing the Plaintiff to coerce payment of a disputed debt, under duress and harassment.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-20 as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of Plaintiff and the members of a class.

24. The class consists of consumers who received calls on their answering machines that where overheard by third parties and/or consumers who received messages from the defendant failing to disclose their identity or given proper disclosures under the FDCPA.

25. The class consists of all persons whom Defendant's records reflect resided in the United States and who received a telephone message (a) from one of the Defendant's collection representatives, (b) the message was left concerning the seeking payment of an alleged debt, and (c) that the message contained violations of 15 U.S.C. 1692 et seq.

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

 (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder is impracticable.

 (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

 (C) The only individual issue is the identification of the consumers who received the message, (i.e. the class members), a matter capable of ministerial determination from the records of the defendant.

 (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

 (E) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Phone messages, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
       May 12, 2009

                        Amir J. Goldstein, Esq. (AG-2888)
                        Attorney at Law
                        **Attorney for the Plaintiff**
                        591 Broadway, #3A
                        New York, New York 11012
                        (212) 966- 5253 phone
                        (866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

                        Amir J. Goldstein  (AG-2888)